## AUGUSTA C. BUSHNELL, APPELLANT, VS. J. R. KRUM ET AL., APPELLEES.

SALE OF LAND BY ADMINISTRATOR TO PAY DEBTS.—BOND IN SUCH CASES.

Where lands of a decedent are sold, on the application of an administrator, to pay debts of the estate, under the provisions of section 40, p. 86 McClellan's Digest, Sections 1921 and 1925 Revised Statutes, it is the duty of the court granting the order of sale to require the administrator to give extra or additional bond conditioned for the proper application of the funds arising from such sale; but such bond should not be made payable to the heirs at law, but the Governor of the State and his successors in office.

Appeal from the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

No appearance for Appellant.

*A. M. Thrasher* for Appellees.

TAYLOR, J.:

Augusta C. Bushnell and William S. Thayer, as administrators of the estate of Alonzo L. Bushnell, deceased, obtained an order from the county court of Volusia county for the sale of certain land of the estate for the payment of its debts. The lands were sold by a commissioner appointed by the county court in the order of sale, and the proceeds of the sale were turned over by the commissioner to Augusta C. Bushnell, as administratrix. Upon the application of the heirs at law of the deceased the county judge, on the 23rd of May, 1887, made an order requiring the said administratrix to execute a bond to said heirs at law in the sum of seventeen hundred dollars, conditioned for the faithful application by her of the residue of the proceeds of such sale of said lands not consumed in the proper payment of debts. From this order the administratrix took an appeal to the Circuit Court of Volusia county. The Circuit Judge, to whom, by agreement of the parties, all questions of law and fact were submitted, affirmed the order of the county court, and from such order of affirmance Augusta C. Bushnell appeals to this court.

The appellees have submitted the cause upon brief, but for the appellant there has been no brief filed here, or other submission of the supposed errors appealed from. Because of this failure of the appellant to submit her cause we might treat the appeal as abandoned,

but having considered the sole question presented by the record we dispose of the case by saying that under the provisions of section 40, p. 86 McClellan's Digest (Sections 1921 and 1925, Revised Statutes), under which the said sale of the land was apparently made, the giving of a bond by the administrator for the faithful application of the proceeds of such sale, whether received in cash or upon an extension of credit, is, in express terms, provided for; and such a bond should have been required of the administrator by the county judge, without any petition on the part of the heirs or any one else praying therefor. The order of the county judge was proper, except wherein it required such bond to be made *to the heirs at law*. It should have been made to the Governor of the State, and his successors in office, as other bonds required to be given by administrators.

The orders appealed from are reversed with directions to have the bond required thereby to be made in conformity herewith.